|KJ| Kizzia Johnson PLLC

1910 Pacific Ave, SUITE 13000
DALLAS, TEXAS  75201
(W) 214.451.0164
(F) 214.451.0165
KJPLLC.COM

Jay Johnson
469.893.9941
jay@kjpllc.com

June 7, 2021

Honorable Nelson S. Román
U.S. District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150
**_via CM/ECF_**

RE:   *Rothschild Broadcast Distribution Systems, LLC v. Schoology, Inc.*
      Civil Action No.: 7:21-cv-04250-NSR-JCM

Dear Judge Román:

Plaintiff respectfully responds to Defendant's June 4, 2021, letter requesting a conference in connection with Defendant's proposed motion under 35 U.S.C. § 101 [Doc. 11]. The claims of the '221 Patent are not abstract. Defendant characterizes the "abstract idea" as "requesting, storing, and delivering media content." This overgeneralization ignores virtually all of the elements and limitations of, for example, asserted claim 7. Claim 7, in its entirety, recites:

A method for storing media content and delivering requested media content to a consumer device, the method comprising:
   receiving a request message *including media data indicating requested media content and a consumer device identifier corresponding to the consumer device*;
   *determining whether the consumer device identifier corresponds to a registered consumer device*; and
   *if it is determined that the consumer device identifier corresponds to the registered consumer device, then: determining, whether the request message is one of a storage request message and a content request message*; and
   *if the request message is the storage request message, then determining whether the requested media content is available for storage*; and
   if the request message is the content request message, then initiating delivery of the requested media content to the consumer device;
   *wherein the media data includes time data that indicates a length of time to store the requested media content; and*
   *the first processor is further configured to determine whether the requested media content exists and if the processor determines that the requested media content exists, the processor is further configured to determine whether the requested media content is available and whether there are restrictions associated with the requested media content that prevent the requested media content from being delivered to the consumer device*.

Defendant's "abstract idea" ignores all of the highlighted claim elements. In fact, Defendant's "abstract idea" can be found in the preamble alone. This characterization is precisely the type of oversimplification that the Federal Circuit has cautioned against, for example, in *Enfish* (822 F.3d 1327, 1336 (Fed. Cir. 2016). "The district court concluded that the claims were directed to the abstract idea of "storing, organizing, and retrieving memory in a logical table" or, more simply, "the concept of organizing information using tabular formats. . . . ***However, describing the claims at such a high level of abstraction and untethered from the language of the claims all but ensures that the exceptions to § 101 swallow the rule***." (Emphasis added).

If Defendant took into account the entirety of the claim, it could not reasonably argue that the claim is directed to an abstract idea. This Court must consider the claims ***in their entirety*** to ascertain whether they are directed to ineligible subject matter under *Alice* step one. See, e.g., *Internet Patents*, 790 F.3d 1343, 1346 (Fed. Cir. 2015).

Moreover, the omitted claim language defines the solution to the then-existing computer and communications problem in existing computer and communications technology of communicating with multiple networked devices requiring specific protocol instructions for each device using multiple user interfaces. The specification of the '221 Patent clearly defines this problem and solution as shown above. *See* Complaint [Doc. 1], paras. 15-22. Defendant improperly avoids the inconvenient purpose of the claims by intentionally ignoring key language from the claims that define the solution.

Defendant's *Alice* step-two analysis is nothing more than a repeat of its flawed step-one argument. Defendant zeros in on certain components and argues that those components are conventional or well-known, all while ignoring the very claim limitations that make it clear the components are configured, and operate, in a non-generic manner. For instance, Defendant ignores the operation of a request message including media data and a consumer device identifier as well as the recited determination of whether the consumer device identifier corresponds to a registered consumer device. The analysis ignores that the system's servers determine whether the request message is a storage request or a content request and whether requested media content is available for storage. Defendant's analysis further ignores including time data that indicates a length of time to store the media content and the operation of a processor configured to determine whether the requested media content exists and further configured to determine whether the requested media content is available and whether there are restrictions associated with the requested media content that prevent the requested media content from being delivered to the consumer device. These are non-generic components performing non-generic functions, which are detailed in the disclosure of the '221 Patent specification as well as being set forth in the Complaint.

Finally, Plaintiff has alleged that certain components recited in the claims are configured and operate in a non-generic manner and that the claims recite more than known concepts operating on generic computer devices. Complaint [Doc. 1], paras. 15-22. These allegations pose factual questions directly impacting a determination of abstractness and whether the '221 Patent claims recite technology that is well-understood, routine, and/or conventional. *Berkheimer v. HP Inc.*, Appeal No. 2017-1437 (Fed. Cir. 2018), at 14; see also, *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317-18 (Fed. Cir. 2019) ("Cellspin made specific, plausible factual allegations about why aspects of its claimed inventions were not conventional, e.g., its two-step, two-device structure requiring a connection before data is transmitted. The district court erred by not accepting those allegations as true.").

      For the foregoing reasons, Defendant's proposed motion should not be entertained. At the very least, the proposed motion should be postponed until the close of discovery and the corresponding determination of Plaintiff's factual allegations regarding whether or not the claimed components are conventional or generic.

Sincerely,
Kizzia Johnson PLLC


*/s/ Jay Johnson*
Jay Johnson

cc:    Excylyn J. Hardin-Smith, Esq. (Via CM/ECF)