USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/8/2021__

**MEMORANDUM ENDORSEMENT**

Rothschild Broadcast Distribution Systems, LLC v. Schoology, Inc.

21-cv-4250 (NSR)

The Court reviewed Defendant's request for a pre-motion conference to seek leave to file a motion to dismiss pursuant to Rule 12(b)(6), (ECF No. 11, dated June 4, 2021), and Plaintiff's opposition (ECF No. 13, dated June 7, 2021).

Defendant's request for a pre-motion conference is denied and the pre-motion conference requirement is waived. Defendant is granted leave to file its proposed motion with the following briefing schedule: Defendant's moving papers shall be served (**not filed**) on or before July 8, 2021; Plaintiff's opposition papers shall be served (**not filed**) on or before August 9, 2021; Defendant's reply papers shall be served on or before August 24, 2021.

**All motion documents shall be filed on the reply date, August 24, 2021.** The parties shall send two physical courtesy copies to Chambers via mail and one electronic courtesy copy to Chambers via email *as the documents are served*.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 11.

Dated:  June 8, 2021
        White Plains, NY

                                        SO ORDERED.

                                        Nelson S. Román, U.S.D.J.

Kizzia Johnson PLLC

1910 Pacific Ave, SUITE 13000
DALLAS, TEXAS 75201
(W) 214.451.0164
(F) 214.451.0165
KJPLLC.COM

Jay Johnson
469.893.9941
jay@kjpllc.com

June 7, 2021

Honorable Nelson S. Román
U.S. District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150
***via CM/ECF***

RE:     *Rothschild Broadcast Distribution Systems, LLC v. Schoology, Inc.*
        Civil Action No.: 7:21-cv-04250-NSR-JCM

Dear Judge Román:

Plaintiff respectfully responds to Defendant's June 4, 2021, letter requesting a conference in connection with Defendant's proposed motion under 35 U.S.C. § 101 [Doc. 11]. The claims of the '221 Patent are not abstract. Defendant characterizes the "abstract idea" as "requesting, storing, and delivering media content." This overgeneralization ignores virtually all of the elements and limitations of, for example, asserted claim 7. Claim 7, in its entirety, recites:

A method for storing media content and delivering requested media content to a consumer device, the method comprising:

receiving a request message ***including media data indicating requested media content and a consumer device identifier corresponding to the consumer device***;

***determining whether the consumer device identifier corresponds to a registered consumer device***; and

***if it is determined that the consumer device identifier corresponds to the registered consumer device, then: determining, whether the request message is one of a storage request message and a content request message***; and

***if the request message is the storage request message, then determining whether the requested media content is available for storage***; and

if the request message is the content request message, then initiating delivery of the requested media content to the consumer device;

***wherein the media data includes time data that indicates a length of time to store the requested media content; and***

***the first processor is further configured to determine whether the requested media content exists and if the processor determines that the requested media content exists, the processor is further configured to determine whether the requested media content is available and whether there are restrictions associated with the requested media content that prevent the requested media content from being delivered to the consumer device***.

Defendant's "abstract idea" ignores all of the highlighted claim elements. In fact, Defendant's "abstract idea" can be found in the preamble alone. This characterization is precisely the type of oversimplification that the Federal Circuit has cautioned against, for example, in *Enfish* (822 F.3d 1327, 1336 (Fed. Cir. 2016). "The district court concluded that the claims were directed to the abstract idea of "storing, organizing, and retrieving memory in a logical table" or, more simply, "the concept of organizing information using tabular formats. . . . ***However, describing the claims at such a high level of abstraction and untethered from the language of the claims all but ensures that the exceptions to § 101 swallow the rule***." (Emphasis added).

If Defendant took into account the entirety of the claim, it could not reasonably argue that the claim is directed to an abstract idea. This Court must consider the claims ***in their entirety*** to ascertain whether they are directed to ineligible subject matter under *Alice* step one. See, e.g., *Internet Patents*, 790 F.3d 1343, 1346 (Fed. Cir. 2015).

Moreover, the omitted claim language defines the solution to the then-existing computer and communications problem in existing computer and communications technology of communicating with multiple networked devices requiring specific protocol instructions for each device using multiple user interfaces. The specification of the '221 Patent clearly defines this problem and solution as shown above. *See* Complaint [Doc. 1], paras. 15-22. Defendant improperly avoids the inconvenient purpose of the claims by intentionally ignoring key language from the claims that define the solution.

Defendant's *Alice* step-two analysis is nothing more than a repeat of its flawed step-one argument. Defendant zeros in on certain components and argues that those components are conventional or well-known, all while ignoring the very claim limitations that make it clear the components are configured, and operate, in a non-generic manner. For instance, Defendant ignores the operation of a request message including media data and a consumer device identifier as well as the recited determination of whether the consumer device identifier corresponds to a registered consumer device. The analysis ignores that the system's servers determine whether the request message is a storage request or a content request and whether requested media content is available for storage. Defendant's analysis further ignores including time data that indicates a length of time to store the media content and the operation of a processor configured to determine whether the requested media content exists and further configured to determine whether the requested media content is available and whether there are restrictions associated with the requested media content that prevent the requested media content from being delivered to the consumer device. These are non-generic components performing non-generic functions, which are detailed in the disclosure of the '221 Patent specification as well as being set forth in the Complaint.

Finally, Plaintiff has alleged that certain components recited in the claims are configured and operate in a non-generic manner and that the claims recite more than known concepts operating on generic computer devices. Complaint [Doc. 1], paras. 15-22. These allegations pose factual questions directly impacting a determination of abstractness and whether the '221 Patent claims recite technology that is well-understood, routine, and/or conventional. *Berkheimer v. HP Inc.*, Appeal No. 2017-1437 (Fed. Cir. 2018), at 14; see also, *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317-18 (Fed. Cir. 2019) ("Cellspin made specific, plausible factual allegations about why aspects of its claimed inventions were not conventional, e.g., its two-step, two-device structure requiring a connection before data is transmitted. The district court erred by not accepting those allegations as true.").

Case 7:21-cv-04250-NSR Document 15 Filed 06/08/21 Page 4 of 9
Case 7:21-cv-04250-NSR Document 13 Filed in NYSD on 06/07/2021 Page 3 of 3

June 7, 2021
Page 3 of 3

For the foregoing reasons, Defendant's proposed motion should not be entertained.  At the very least, the proposed motion should be postponed until the close of discovery and the corresponding determination of Plaintiff's factual allegations regarding whether or not the claimed components are conventional or generic.

Sincerely,
Kizzia Johnson PLLC


*/s/ Jay Johnson*
Jay Johnson

cc:     Excylyn J. Hardin-Smith, Esq. (Via CM/ECF)



Fish & Richardson P.C.
Times Square Tower, 20th Floor
New York, NY 10036

212 765 5070 main
212 258 2291 fax

June 4, 2021

**VIA ECF**

**Excylyn J. Hardin-Smith**
Associate
hardin-smith@fr.com
212 641 2239 direct

Honorable Nelson S. Román
U.S. District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: *Rothschild Broadcast Distribution Systems, LLC v. Schoology, Inc.*
    Case No. 7:21-cv-04250-NSR-JCM

Dear Judge Román:

Pursuant to your Individual Practices, Defendant Schoology, Inc. respectfully requests a pre-motion conference for Schoology's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6). The claims of the asserted patent are invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter. The patent claims an abstract idea—requesting, storing, and delivering media content—without anything more to establish an inventive concept. To avoid wasting judicial and party resources unnecessarily litigating an invalid patent, Schoology intends to request the Court dismiss the Complaint with prejudice because amendment would be futile.

Patentability under § 101 is a threshold legal issue. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010). Accordingly, the § 101 inquiry is properly raised at the pleadings stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718-19 (Fed. Cir. 2014) (Mayer, J., concurring). Abstract ideas are ineligible for patentability under § 101 absent an inventive concept that amounts to significantly more than the abstract idea. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014).

Asserted U.S. Patent No. 8,856,221 is entitled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment" and purportedly discloses a system for alternatively storing or delivering requested media content in response to requests from consumer devices. '221 Pat. at 3:56-60. The claimed "system" of claims 1 is comprised only of three generic components: a "server," a "receiver," and a "processor." *Id.* at 2:24-25. The system responds to two types of prompts: "storage request messages" and "content request messages." *Id.* at 2:37, 6:34-35. If the server receives a "storage request message," it looks at the "media data" included in the message to determine how long to store the requested media content. *Id.* at 5:23-36. The server may then download the requested media content.



*Id.* 5:63-66. Alternatively, if the server receives a "content request message," the server searches a "media database" for the requested content. *Id.* at 6:42-44. Once the content is located, the server may transmit it to the consumer device. *Id.* at 7:1-2.

Representative claim 1 of the '221 Patent is attached as Exhibit 1 due to its length. Claim 1 fails both prongs of the *Alice* test and is therefore invalid under § 101. At Step 1, claim 1 is directed to the abstract idea of requesting, storing, and delivering media content as a series of basic steps: (1) a server receives a request message; (2) the server determines whether the request is to store content or deliver content; (3a) if the request is to store content, then the server determines whether the content is available and how long to store it; or (3b) if the request is to deliver content, then the server determines whether the content is available and whether there are restrictions on its delivery.

Requesting, storing, and delivering media content is an activity "humans have always performed," *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014). People often arrange for requested content to be stored and delivered — for example, the humble coat check system requires an attendant to communicate with patrons and either store or retrieve their coats upon request. This basic human activity precedes the digital age, and its core functionality is not improved by simply performing the same routine on a computer.

The '221 Patent does not disclose any special or improved way of requesting, storing, and delivering media content, and no specific hardware configuration is required. To the contrary, it teaches "[t]he present invention can be realized in hardware, software, or a combination of hardware and software" and that "[a]ny kind of computing system, or other apparatus adapted for carrying out the methods described herein, is suited to perform the functions described herein." '221 Pat. at 10:12-16.

Moreover, like other computer-implemented claims found to be patent-ineligible, the '221 Patent merely claims a desired result without explaining "how this would be technologically implemented" — the claims specify no "particular way of programming or designing the software." *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1241, 1244 (Fed. Cir. 2016). Instead, the claims contain broad functional language and only recite a desired goal of storing or delivering requested content in response to a request message. *See* '221 Patent at cl. 1 (*i.e.*, "receive a request message," "determine whether the request message is one of a storage request message and a content request message," "determine whether the requested media content is available for storage," and "initiate delivery of the requested media content"). Such "vague, functional" terms, "devoid of technical explanation as to



how to implement the invention" in any non-conventional way, cannot confer eligibility. *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 615 (Fed. Cir. 2016).

At Step 2, the claims lack an inventive concept because they merely recite performing an abstract idea using conventional computer functions: receiving request messages, verifying authorization, searching for requested content, and sending requested data. '221 Patent at cl. 1. Such steps are "basic functions of a computer" and do not make the claims eligible. *See Alice*, 134 S. Ct. at 2359-60 (citation omitted). This is evident in how the system of claim 1 requires only generic components: a "server," a "receiver," and a "processor." '221 Patent at cl. 1. This use of "purely functional and generic" computer components operating in conventional ways is insufficient. *Alice*, 134 S. Ct. at 2360.

For the foregoing reasons, Schoology intends to request the Court dismiss the Complaint for failure to state a claim upon which relief can be granted. To that end, Schoology respectfully requests the Court hold a pre-motion conference regarding its expected motion.

Sincerely,

Excylyn J. Hardin-Smith
Associate

# Exhibit 1

U.S. Patent 8,856,221 claim 1:

1. A system for media content storage and delivery, the system comprising:

    a first server, the first server including:

        a first receiver, the first receiver configured to receive a request message including media data indicating requested media content and a consumer device identifier corresponding to a consumer device; and

        a first processor in communication with the first receiver, the first processor configured to determine whether the consumer device identifier corresponds to a registered consumer device;

    if the first processor determines that the consumer device identifier corresponds to the registered consumer device, then: the first processor is further configured to determine whether the request message is one of a storage request message and a content request message;

        if the request message is the storage request message, then the processor is further configured to determine whether the requested media content is available for storage; and

        if the request message is the content request message, then the processor is further configure to initiate delivery of the requested media content to the consumer device;

    wherein the media data includes time data that indicates a length of time to store the requested media content; and

    the first processor is further configured to determine whether the requested media content exists; and

    if the processor determines that the requested media content exists, the processor is further configured to determine whether the requested media content is available and whether there are restrictions associated with the requested media content that prevent the requested media content from being delivered to the consumer device.